UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEMUEL L. COLE,

    Petitioner,

v.                                Case No.  5:18cv203-MCR-CJK

JULIE JONES,

    Respondent.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 6).  The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  Because it plainly appears from the petition that it was moot when filed, the petition should be dismissed.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida Department of Corrections currently confined at New River Correctional Institution. (Doc. 6, p. 1). Petitioner is serving a sentence for aggravated battery, armed robbery and armed burglary imposed by the Circuit Court for Dade County, Florida. (Doc. 1, p. 1). This habeas proceeding challenges a prison disciplinary conviction petitioner received at Holmes Correctional Institutional on July 1, 2014, for committing an obscene or profane act, gesture, or statement. Petitioner claims he was denied due process during the disciplinary proceeding. (Doc. 6, pp. 9-15I). The sentence imposed for the disciplinary conviction was thirty days of disciplinary confinement. (*Id.*, p. 2; *see also* Doc. 1, p. 6, Ground 4, ¶ iv). Petitioner acknowledges he did not lose gain time, but complains he suffered additional "consequences" of the DR conviction, including ineligibility to earn gain time while in confinement, extension of his PPRD by 6 months, ineligibility for "good jobs", and "stigma" due to the nature of the DR. (Doc. 6, pp. 15C-15F, 19A-19B; *see also* Doc. 1, p. 1 ¶ 1).

## SUBJECT MATTER JURISDICTION

Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Petitioner filed his original habeas petition on August

30, 2018, over four years after his disciplinary conviction. (Doc. 1). It is apparent from the face of the petition that at the time petitioner filed the petition he had already served his thirty days in disciplinary confinement and been released. Where a prisoner has completed an imposed term of administrative or disciplinary confinement before he files his habeas petition, the petition is considered "moot when filed and cannot be revived by collateral consequences." *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003) (internal quotation marks and citation omitted) (holding that because inmate completed his term of disciplinary confinement before he filed his habeas petition, the petition was moot when filed).

Petitioner does not meet the two conditions for the "capable of repetition, yet evading review" exception to apply: (1) the challenged action must be of too short a duration to be fully litigated prior to its cessation, and (2) a reasonable expectation must exist that the same complaining party will be subject to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). While the first condition may be satisfied, the second is not because petitioner cannot demonstrate there is a reasonable expectation (as opposed to mere speculation) that the circumstances for which he was charged will recur and again give rise to discipline, much less that the circumstances rendering his disciplinary proceeding constitutionally infirm will be repeated.

Because petitioner completed the term of disciplinary confinement at issue prior to filing his petition, did not lose gain time credits, and does not qualify for the exception to the mootness doctrine, his petition challenging the July 1, 2014, disciplinary conviction is moot and should be dismissed. S*ee Medberry* at 1054 ("'Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties.'" (*quoting Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980))).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

Petitioner's motion to proceed *in forma pauperis* (doc. 9) and motion to accept the motion to proceed *in forma pauperis* (doc. 8) are GRANTED.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED for lack of jurisdiction.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be denied.

At Pensacola, Florida this 27th day of November, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.